# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

YEVGENIY V. LESHCHINSKIY,

        Petitioner,

v.

NATHALIE R. ASHER, Field Office Director, *et al.*,

        Respondents.

Case No. C11-777-RSL-BAT

**REPORT AND RECOMMENDATION**

On May 6, 2011, petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutional and statutory authority of the United States Immigration and Customs Enforcement ("ICE") to detain him any further due to the unlikelihood of his removal from the United States in the reasonably foreseeable future. Dkt. 7. He requested that this Court order respondents to release him under an order of supervision until his removal from the United States becomes feasible. Dkt. 7 at 7. On August 23, 2011, however, respondents filed a declaration along with supporting documentation which indicates that petitioner was removed from the United States to Ukraine on July 12, 2011. Dkt. 19.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388,

REPORT AND RECOMMENDATION - 1

395 (1980). For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (internal quotation marks omitted).

Here, petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. Because no collateral consequences remain, and there is no relief left to grant on his petition, the Court finds that petitioner's habeas petition is moot and should be dismissed. *See Abdala*, 488 F.3d at 1065 (holding that removal mooted habeas challenge to length of detention); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed).

A proposed Order accompanies this Report and Recommendation.

DATED this 24th day of August 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge